[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON VIOLATION OF PROBATION
The defendant, Larry Stovall, is charged with violation of probation in violation of General Statutes § 53a-32. On April 30, 1996, a hearing was held to determine whether Stovall had violated one or more conditions of his probation. For the reasons set forth below, the court finds that Stovall violated a condition of his probation.
PROCEDURAL HISTORY
On September 22, 1989, Stovall was convicted of assault first degree and sentenced to a term of imprisonment of fifteen CT Page 4213-T years execution suspended after eight years and three years of probation. On February 13, 1995, Stovall was discharged from the Department of Corrections and his probation began.
On December 7, 1995, the Department of Adult Probation submitted an application for Stovall's arrest on the charge of violation of probation. The warrant alleged that on September 16, 1995 at 101 Carmel Street, New Haven, Stovall struck the victim several times with a tire iron causing the victim to sustain a broken jaw, lacerated liver, chipped pelvis and a deep laceration of his lip. As a result of this incident, the New Haven Police Department arrested Stovall for assault first degree. The probation department alleged that Stovall had violated the following condition of probation: "Do not violate any criminal law of the United States, this State, or any other State, as established by Payne v. Robinson."
LAW
A probation revocation hearing has two distinct components. First an adversarial hearing must be conducted to determine whether the defendant has, in fact, violated a condition of probation. State v. Davis, 229 Conn. 285, 289 (1994). If the trial court determines that evidence has established a violation of probation, then it proceeds to the second component of probation revocation — the determination of whether the defendant's probation should be revoked. Id., 290. The state has the burden of establishing a violation of probation by a fair preponderance of the evidence. Id., 295.
A subsequent arrest, by itself, is not a sufficient basis on which to find a violation of probation. State v. Carey,30 Conn. App. 346, 349 (1993). Although there need not be proof of unlawful conduct sufficient to sustain a criminal conviction;Robinson v. Connecticut, 501 F.2d 305, 308 (2d Cir. 1974); there must be proof that the "defendant's conduct constituted an act sufficient to support a revocation of probation. . . ." State v.Smith, 18 Conn. App. 368, 370 n. 1 (1989).
FACTS
Based on the evidence presented at the April 30, 1996 hearing, and the reasonable inferences drawn from such evidence, the court finds the following facts to have been proven by a fair preponderance of the evidence. CT Page 4213-U
On September 16, 1995, Roosevelt Nesbit was at 101 Carmel Street, New Haven working on an automobile with the defendant's father, Saul Stovall. After working on the car for approximately two hours with the defendant's father and son, Nesbit decided to go home. Saul Stovall was going to drive Nesbit home in his van. As Nesbit was about to leave, Stovall and his girlfriend were coming down the street. Nesbit saw Stovall and the two walked away down the street. Nesbit asked Stovall to repay some money that Stovall owed to him. This request triggered on argument. Stovall swore at Nesbit and told him, "I'm not going to give you a (expletive) thing."
In the midst of this verbal argument, Stovall went to the trunk of his car and retrieved an object variously described as a stick, broom handle, blackjack and shovel handle of approximately two feet in length. After retrieving the stick, Stovall came at Nesbit swinging the stick at him. Stovall was angry swearing at Nesbit in a loud voice. Saul Stovall then came between the two to try to break up the fight. Stovall continued to swing at Nesbit but then stopped and walked back to his car and placed the stick in the open trunk. Nesbit saw Stovall standing at the open trunk of his car. Nesbit was in the street approximately ten to fifteen feet away from Stovall. Nesbit then turned and proceeded to walk with Saul Stovall toward Saul's van. The next thing Nesbit remembers is waking up in the hospital.
The police arrived within thirty seconds of despatch and found Nesbit lying near the sidewalk in a severely injured condition. The first responding officer determined that Stovall's father and son, were present, but Stovall was not at the scene. The police searched for the weapon but did not find anything.
As a result of the incident, Nesbit sustained a broken jaw, the loss of five teeth, a lacerated liver and a fractured pelvis. His jaw had to be wired shut for twelve weeks resulting in him losing over thirty pounds. He continues to suffer pain and other effects of the injuries.
DISCUSSION
Although Nesbit could not state who had attacked him, the cumulative effect of all of the evidence clearly establishes — by a fair preponderance of the evidence — that Stovall assaulted CT Page 4213-V Nesbit. Stovall was in the midst of a heated argument with Nesbit minutes before the assault. This initial argument had to be broken up by Stovall's father. Stovall then walked to his car a mere ten to fifteen feet away from Nesbit. Nesbit saw him standing at the trunk of the car with the weapon within easy reach. Nesbit turned to walk to the other side of the street. That is the last thing he remembers before waking up in the hospital.
Nesbit's injuries are fully consistent with an assault with a weapon of the type possessed by Stovall. He was assaulted in the street only a short distance from where he had last seen Stovall. Stovall left the area right after the assault suggesting consciousness of guilt — particularly since all of the other people who were in the area remained until the police arrived. Despite a search, the police found no other object that was the likely assault weapon.
In sum, Stovall had the motive, means and opportunity to commit the assault on Nesbit. The circumstantial evidence proves his commission of this assault. The injuries to Nesbit was serious.
CONCLUSION
For the reasons discussed above, the court finds that Stovall violated a criminal law of the State of Connecticut and thereby violated a condition his probation.
Dated at New Haven, Connecticut this 9th day of May, 1996.
Robert J. Devlin, Jr., Judge