
## STATE OF CONNECTICUT *v.* LISA LANTZ
### (AC 30103)

Lavine, Robinson and Pellegrino, Js.

Argued October 14, 2009—officially released May 4, 2010

*Tara L. Knight*, for the appellant (defendant).

*Raheem L. Mullins*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *James Dinnan*, senior assistant state's attorney, for the appellee (state).

ROBINSON, J. The defendant, Lisa Lantz, brings this interlocutory appeal from an order disqualifying her attorney, E. Gregory Cerritelli, from representing her during a violation of probation proceeding. On appeal, the defendant claims that (1) this court has jurisdiction to hear this particular species of interlocutory appeal and (2) the state failed to meet its burden in demonstrating a compelling need for Cerritelli to testify at her violation of probation hearing. Accordingly, the defendant argues that the court's disqualification order ran afoul of the guarantees enshrined in the sixth amendment to the United States constitution. We dismiss the appeal.

The following facts and procedural history are relevant to our resolution of the pertinent issues in this case. On October 13, 2006, the defendant was sentenced to a total effective term of three years incarceration, execution suspended, and three years probation with special conditions, for her three convictions of larceny in the fourth degree in violation of General Statutes § 53a-125. One of the special conditions of her probation was that she make restitution to the victim in the amount of $85,775. Of that total restitution amount, $53,350 was to be paid within one week of the date that her sentence was entered, while the remaining $32,425 was to be remunerated over time, according to the defendant's ability to make such payments in light of her limited income and employment prospects.

Although the defendant made the initial payment of $53,350, she was arrested and charged with violation of probation on October 26, 2007, for failing to make timely restitution payments with respect to the remaining $32,425. On November 27, 2007, Cerritelli filed an appearance on the defendant's behalf, though, during a pretrial hearing on May 19, 2008, the state

informed the trial court that it intended to elicit testimony from Cerritelli at the defendant's violation of probation hearing. In light of this development, the state argued that Cerritelli should withdraw his appearance in accordance with rule 3.7 (a) of the Rules of Professional Conduct.[1] Cerritelli countered that his disqualification would be impermissible because the state would not be able to demonstrate a compelling need for his testimony, and, consequently, his disqualification would trespass on his client's right to be represented by the counsel of her choice, as secured through the sixth amendment to the United States constitution.[2]

A full evidentiary hearing was held on June 23, 2008, during which the court heard evidence concerning the state's compelling need for Cerritelli to testify at his client's violation of probation proceeding. At the hearing, the state represented that during a previous pretrial hearing, Cerritelli indicated that his client had a bank check in the amount of roughly $29,000 that could be used to settle the violation of probation charge. The state argued that Cerritelli's testimony regarding the existence of this check was its only means of demonstrating that the defendant violated her probation by failing to make restitution when she had the wherewithal to do so. In response, Cerritelli argued that the state had not met its burden of proving a compelling

[1] Rules of Professional Conduct 3.7 (a) provides: "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client."

[2] The sixth amendment to the United States constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." The United States Supreme Court has "held that an element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him." *United States* v. *Gonzalez-Lopez*, 548 U.S. 140, 144, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006), citing *Wheat* v. *United States*, 486 U.S. 153, 159, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988).

need for his testimony because it failed to prove that all other sources of comparably probative evidence had been exhausted and averred in the alternative that his conversation with the prosecutor regarding the bank check was privileged as part of a settlement negotiation.

Although the state never addressed whether Cerritelli could testify that his client was in possession of the bank check prior to her arrest, the court held that because the state was required to show that the defendant had the ability to make restitution during the violation of probation proceeding, Cerritelli's testimony was clearly necessary. In this regard, the court found that Cerritelli's testimony was the only means available to the state to prove that the defendant had possessed the ability to make additional restitution payments and that the conversation between Cerritelli and the prosecutor regarding the bank check was not privileged on the ground that it was part of a settlement negotiation. The court, accordingly, granted the state's motion to disqualify Cerritelli.

On July 3, 2008, the defendant filed this interlocutory appeal from the court's decision granting the motion to disqualify Cerritelli. Subsequently, the state filed a motion to dismiss the appeal on August 1, 2008, to which the defendant objected on August 6, 2008. This court denied the state's motion to dismiss without prejudice on November 19, 2008, and ordered the parties to address whether an order disqualifying a defendant's chosen counsel during a violation of probation hearing constituted a valid final judgment for purposes of appeal.

In connection with the final judgment question, the defendant argues that a violation of probation hearing is a criminal proceeding and that an appeal taken from a disqualification order is a final judgment for purposes of appeal pursuant to *State* v. *Rapuano*, 192 Conn. 228,

229 n.1, 471 A.2d 240 (1984), overruled in part by *Burger & Burger, Inc.* v. *Murren,* 202 Conn. 660, 669–70, 522 A.2d 812 (1987). The state contends, however, that a violation of probation hearing is a civil proceeding and that the appeal of a disqualification order in that context is not an appealable final judgment pursuant to *Burger & Burger, Inc.* v. *Murren,* 202 Conn. 660, 669–70, 522 A.2d 812 (1987). In the alternative, the state argues that even if a violation of probation proceeding is a criminal proceeding, that *Rapuano* was overruled by *Burger & Burger, Inc.*, and that, consequently, the disqualification order at issue in the present case is not an appealable final judgment. We agree with the state.

It is settled law that the full panoply of rights due a defendant in a criminal prosecution does not apply to a violation of probation hearing. See *State* v. *Davis,* 229 Conn. 285, 295, 641 A.2d 370 (1994) ("[a]lthough a [probation] revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding" and does not, therefore, "require all of the procedural components associated with an adversary criminal proceeding" [citations omitted; internal quotation marks omitted]). Indeed, "[b]ecause revocation proceedings generally have not been considered criminal prosecutions, they have not been subject to the procedural safeguards, including the rights to trial by jury and to accusations proved beyond a reasonable doubt, associated with a criminal trial." *United States* v. *Carlton,* 442 F.3d 802, 807 (2d Cir. 2006). This conclusion has been predicated on the understanding that revocation proceedings "[arise] after the end of the criminal prosecution, including imposition of sentence"; (internal quotation marks omitted) id., 809; and do not deprive the individual of "the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions . . . ." (Citations omitted;

internal quotation marks omitted.) Id., 809–10. Accordingly, our Supreme Court has held that "the probation revocation procedure established by [General Statutes] § 53a-32 is akin to a civil proceeding." *State* v. *Davis*, supra, 295.[3]

In light of our case law holding that a violation of probation proceeding is not a criminal proceeding but is instead more akin to a civil proceeding, we turn to our precedent governing appeals taken from disqualification orders in a civil case. Under current Connecticut law, an order granting a motion to disqualify the chosen attorney of a party to a civil case "is not a final judgment and may not be immediately appealed." *Burger & Burger, Inc.* v. *Murren*, supra, 202 Conn. 669–70 ("The right to be represented by counsel of one's own choice is not irretrievably lost absent an immediate appeal. It can be vindicated upon reversal of the judgment on

[3] The defendant suggests that the decision in *United States* v. *Gonzalez-Lopez*, 548 U.S. 140, 148, 126 S. Ct. 2557, 165 L. Ed. 2d 409 (2006), calls into question this result because the court in that case stated that the deprivation of a defendant's right to chosen counsel is "complete when the defendant is erroneously prevented from being represented by the lawyer he wants . . . ." (Internal quotation marks omitted.) We are not persuaded. In the first instance, we note that the procedural posture in that case was different from the one in the present case. The defendant in *Gonzalez-Lopez* was appealing from a criminal conviction—a final judgment—in which he challenged the court's disqualification of his chosen counsel. Id., 143. In this case, by contrast, the defendant seeks an interlocutory appeal to challenge a disqualification order in a civil proceeding. Moreover, *Gonzalez-Lopez* is instructive because it held that, irrespective of whether the violation of a defendant's right to chosen counsel was "complete" at trial, the sixth amendment right to the counsel of choice could nevertheless be vindicated on appeal by requiring a new trial, which had been ordered by the United States Court of Appeals for the Eighth Circuit and which the United States Supreme Court affirmed. Indeed, by holding that the improper disqualification of counsel is not subject to harmless error review; id., 152; *Gonzalez-Lopez* has decreased further the need for an interlocutory appeal because it lowers the burden a defendant must meet to obtain a new trial. Accordingly, we conclude that *Gonzalez-Lopez* does not affect our current precedent barring the interlocutory appeal of a disqualification order in the context of a probation violation proceeding.

appeal."). Accordingly, because the defendant appeals from an order disqualifying her counsel in a civil proceeding and that order is not considered a final judgment, this appeal must be dismissed.

The appeal is dismissed.

In this opinion the other judges concurred.