STATE OF CONNECTICUT *v.* KYLE COLLINS
(AC 30127)

DiPentima, Beach and Stoughton, Js.*

---

\* The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued March 11—officially released October 5, 2010

*Deborah G. Stevenson*, special public defender, for the appellant (defendant).

*Timothy J. Sugrue*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Roger S. Dobris*, senior assistant state's attorney, for the appellee (state).

*Opinion*

BEACH, J. The defendant, Kyle Collins, appeals from the judgments of the trial court finding him in violation of probation pursuant to General Statutes § 53a-32. The defendant claims that (1) the court acted improperly by applying the preponderance of the evidence standard to determine his identity, (2) the pretrial identification

procedure was unnecessarily suggestive, thereby tainting an in-court identification of him, (3) the court abused its discretion when it admitted certain documentary evidence pertaining to Kyle Collins,[1] (4) the state adduced insufficient evidence to prove the identity of the defendant and (5) the court erred when, during an allegedly critical stage of the proceeding and in the absence of the defendant, it made a determination regarding competence. We affirm the judgments of the trial court.

The following facts and procedural history are relevant. In connection with conduct occurring in 1996, the defendant was charged in two separate informations with sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1) and risk of injury to a child in violation of General Statutes § 53-21. In June, 1999, the defendant pleaded guilty under the *Alford* doctrine[2] to the charges in both files. The court, *Fasano, J.*, imposed in each file a total effective sentence of twenty years incarceration, execution suspended after nine years, with ten years probation, and ordered the sentences to run concurrently with one another.

On September 15, 2006, the defendant was released from custody and his probation commenced. A condition of the defendant's probation required him to report to Matthew Boyhen, a probation officer. When the defendant failed to report to Boyhen, a warrant for his arrest was issued. The defendant subsequently was arrested and charged with violation of probation.

On November 28, 2007, the court, *Damiani, J.*, granted the defendant's motion for a competency evaluation. On December 14, 2007, after a letter had been written to the court, reporting that the defendant had

[1] The defendant claims that he is not Kyle Collins. See part I of this opinion.
[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

refused to attend a competency evaluation, the court presumed that the defendant was competent to stand trial.

At the probation revocation hearing before the court, *Holden, J.*, the defendant maintained that he was not Kyle Collins, but was, in fact, Alex Morales. After the presentation of evidence, the court, in its oral decision, found that Kyle Collins and Alex Morales were the same individual and subsequently found the defendant to be in violation of probation. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that the court acted improperly by applying the preponderance of the evidence standard to determine his identity. We are not persuaded.

This issue was not raised at trial, and the defendant seeks review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[3] The defendant's claim

---

[3] In *State* v. *Golding*, supra, 213 Conn. 239–40, our Supreme Court held that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.)

The defendant also seeks review of his claim under the plain error doctrine. "[T]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . In addition, the plain error doctrine is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly. . . . [W]e recently clarified the two step framework under which we review claims of plain error. First, we must determine whether the trial court in fact committed an error and, if it did, whether that error was indeed plain in the sense that it is patent [or] readily

is reviewable under *Golding* because the record is adequate for review, and, for purposes of this case, we treat the question regarding the state's burden of proof as being of constitutional magnitude.[4]

During the violation of probation proceeding, the defendant's position was that he was not Kyle Collins, but was, in fact, Alex Morales. Only Kyle Collins was subject to conditions of probation. Following the presentation of evidence, the court found that Kyle Collins and Alex Morales were the same individual. The defendant argues that the court improperly applied the preponderance of the evidence standard when making this finding, when the proper standard to be used is that of beyond a reasonable doubt.

In probation revocation proceedings, the state must prove by a fair preponderance of the evidence that the defendant has violated probation. *State* v. *Davis*, 229 Conn. 285, 295, 641 A.2d 370 (1994). The question of

discernable on the face of a factually adequate record, [and] also . . . obvious in the sense of not debatable. . . . We made clear . . . that this inquiry entails a relatively high standard, under which it is not enough for the defendant simply to demonstrate that his position is correct. Rather, the party seeking plain error review must demonstrate that the claimed impropriety was so clear, obvious and indisputable as to warrant the extraordinary remedy of reversal." (Citation omitted; internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 294 Conn. 165, 204–205, 982 A.2d 620 (2009). The defendant cannot prevail under the plain error doctrine. The claimed error did not occur; additionally, his claims are simply not of the truly extraordinary nature that the plain error doctrine is intended to remedy.

In addition, the defendant asks us to exercise our supervisory powers over this claim. "Appellate courts possess an inherent supervisory authority over the administration of justice. . . . Supervisory powers are exercised to direct trial courts to adopt judicial procedures that will address matters that are of utmost seriousness, not only for the integrity of a particular trial but also for the perceived fairness of the judicial system as a whole." (Internal quotation marks omitted.) *State* v. *Ouellette*, 271 Conn. 740, 762 n.28, 859 A.2d 907 (2004). We decline the defendant's invitation.

[4] The state does not contest that the claim is of constitutional magnitude. See *State* v. *Davis*, 229 Conn. 285, 291 n.6, 641 A.2d 370 (1994).

whether the state must prove the defendant's identity, if raised, beyond a reasonable doubt is a tantalizing one. We have been unable to find much guidance from case law on this issue; the question of identity in the context of a violation of probation hearing likely is rarely raised. We need not resolve this issue today, however, because the court, in resolving the issue of identity, stated that it was even more certain of the defendant's identity than required by the reasonable doubt standard. In its oral decision, the court found that "by [a] fair preponderance of the evidence, the state has sustained its burden of proof in the violation of probation matter. As a fair preponderance of the evidence . . . the court believes that . . . Kyle Collins and [Alex] Morales are one and the same individual." The court, then, initially mentioned the preponderance of the evidence standard as it ordinarily applies. It went on to state, however, that it "ha[d] *no doubt* that the person sitting there next to [defense counsel] is named Kyle Collins. . . . This court has *no doubt* that this person's one and the same who's convicted of sexual assault in the first degree and . . . risk of injury to a minor." (Emphasis added.) Whether the appropriate standard in a probation revocation proceeding regarding the defendant's identity is preponderance of the evidence or beyond a reasonable doubt, the court's statement that it had "no doubt" as to the defendant's identity demonstrated that it believed that both standards had been more than satisfied. As a result, the defendant's argument fails under the third prong of *Golding* because the claimed error—that the court found the defendant's identity only by a preponderance of the evidence—did not occur.

## II

The defendant next claims that a pretrial identification procedure was unnecessarily suggestive, thereby

tainting an in-court identification of him. We decline to review this claim.

Eduardo Palmieri, a chief probation officer, testified that he had supervised a probationer named Kyle Collins in 1993 for a period of six months, during which time he met with Collins approximately forty times. Palmieri testified that "I was informed that Kyle Collins was downstairs [in lockup] for a violation of probation and was denying that he was, in fact, Kyle Collins. I walked down to the lockup . . . to clear that up for the state's attorney . . . ." Palmieri testified that during the encounter, the defendant told him that "he wasn't Kyle Collins." Palmieri then made an in-court identification of the defendant as Kyle Collins.

The defendant argues that the pretrial identification procedure, which occurred when Palmieri spoke with him in the lockup, was unnecessarily suggestive. He argues that, as a result, Palmieri's in-court identification of him as Kyle Collins was tainted. The defendant seeks review of his unpreserved claim pursuant to *Golding*.[5]

Although there is some question whether the defendant provided analysis of this unpreserved claim under *Golding* or the plain error doctrine; see Practice Book § 60-5; the claim nevertheless fails because there is an inadequate record. Defense counsel did not make a motion to suppress the identification or object to the admission of Palmieri's identification, and no evidentiary hearing was held regarding the evidence. Consequently, the court did not make any factual findings or legal conclusions concerning the suggestiveness of the

---

[5] To the extent that the defendant also invites us to review his claim under our inherent supervisory authority over the administration of justice and the plain error doctrine; see Practice Book § 60-5; we decline to do so. The plain error doctrine and our supervisory powers are reserved for extraordinary circumstances that do not appear in the present case. See footnote 3 of this opinion.

procedures employed or the reliability of Palmieri's in-court identification. Without such findings, the record is inadequate for our review. See *State* v. *Necaise,* 97 Conn. App. 214, 219, 904 A.2d 245 (resolution of whether pretrial identification procedure violates defendant's due process rights requires fact-finding function of trial court), cert. denied, 280 Conn. 942, 912 A.2d 478 (2006); *State* v. *Sargent,* 87 Conn. App. 24, 30, 864 A.2d 20, cert. denied, 273 Conn. 912, 870 A.2d 1082 (2005). Accordingly, there is an inadequate record from which to review the defendant's claim.

### III

The defendant next claims that the state adduced insufficient evidence to prove his identity. He argues that the only evidence in this regard was Palmieri's in-court identification of the defendant, which was tainted by an unnecessarily suggestive pretrial identification procedure. We disagree.

There was sufficient evidence from which the court could have found that the defendant is Kyle Collins. Palmieri identified the defendant as Kyle Collins. As explained in part II of this opinion, the record is inadequate for us to review the defendant's claim that Palmieri's in-court identification of the defendant was unreliable. Palmieri testified that he was "a hundred percent positive" that the person seated next to the defense counsel is Kyle Collins. It was solely within the province of the finder of fact to determine what weight to afford this identification. See *State* v. *Fleming,* 111 Conn. App. 337, 345, 958 A.2d 1271 (2008), cert. denied, 290 Conn. 903, 962 A.2d 794 (2009).

Although "in-court identifications . . . [are] sufficient evidence by themselves to allow the trier of fact to conclude that it was the defendant who committed the crimes charged"; *State* v. *Morgan,* 274 Conn. 790, 802, 877 A.2d 739 (2005); the state produced additional

evidence that the defendant is Kyle Collins. The state introduced a booking photograph of the defendant taken on July 21, 2007, the date that the defendant admitted that he was arrested for violation of probation. The state also introduced earlier booking photographs bearing the same New Haven police department identification number of an individual whom Palmieri identified as Kyle Collins. The court reasonably could have noted the similarity in facial features of the person in each of the photographs.

Additionally, the defendant's responses during his testimony reasonably could have indicated to the court that he was not familiar with what supposedly was his name. After being duly sworn, the defendant was at first unable to spell "Alex." Additionally, the defendant immediately responded to the first question posed by the prosecutor to "Mr. Collins." The defendant's claim that the evidence regarding his identity was insufficient fails.

IV

The defendant next claims that the court abused its discretion when it admitted certain documentary evidence pertaining to Kyle Collins. We disagree.

During the hearing, the state entered into evidence various documentary exhibits pertaining to Kyle Collins. Boyhen testified regarding the procedural history of the defendant's case. He stated that Kyle Collins was on probation for two counts each of sexual assault in the first degree and risk of injury to a child and that he had signed the conditions of probation. The state thereafter entered, as full exhibits, Kyle Collins' criminal informations and conditions of probation. Following the testimony of John Dziekan, an assistant clerk at the Superior Court in New Haven, regarding the transcripts of the underlying criminal proceedings of Kyle Collins, three transcripts of those proceedings were admitted

as full exhibits. The state introduced three booking photographs taken by the New Haven police department of Kyle Collins after Palmieri testified that the subject of the photographs was Kyle Collins. Each photograph bore the offender identification number "62720." The photographs were taken, respectively, on January 27 and February 2, 1986, and July 21, 2007, the day that the defendant was arrested for violation of probation. Defense counsel objected to the admission of the documentary evidence on each occasion, claiming that it was irrelevant because the defendant was not Kyle Collins. The trial court overruled the objections.

The defendant argues that the evidence was irrelevant because it pertains to Kyle Collins and does not pertain to the defendant because he is Alex Morales. The court did not abuse its discretion in admitting the evidence because, as explained in part III of this opinion, the state adduced sufficient evidence to prove that the defendant is Kyle Collins. Accordingly, the documentary evidence was relevant to show the defendant's prior convictions and the conditions of his probation. The booking photographs were admitted further to prove that the defendant is Kyle Collins.

The defendant also argues that the documentary evidence pertaining to Kyle Collins was admitted improperly because it was admitted before the question of identity was proven. The defendant cannot prevail on this claim. Connecticut Code of Evidence § 1-3 (b) provides: "When the admissibility of evidence depends upon connecting facts, the court may admit the evidence upon proof of the connecting facts or subject to later proof of the connecting facts." "It is not unusual to admit an exhibit into evidence before its relationship to the issues of a case has been established. . . . This procedure may expedite the trial, and it is ordinarily not prejudicial because the exhibit may be stricken if the necessary evidentiary foundation is not eventually

laid. It would be extraordinary to find any prejudice in such a situation, especially in a nonjury trial . . . . A fortiori, there can be no prejudice where, as we subsequently conclude, the necessary foundation is finally established." (Citations omitted.) *State* v. *Anonymous (83-FG)*, 190 Conn. 715, 724–25, 463 A.2d 533 (1983). Palmieri eventually testified that he was positive that the defendant is Kyle Collins; see part III of this opinion; thereby providing sufficient evidence of the defendant's identity.[6] Accordingly, we cannot say that the court abused its discretion in admitting the exhibits in question.

## V

The defendant next claims that the court erred when it "denied [him] the right to attend a critical stage of the proceedings in which the trial court made a determination as to [his] competency" and in failing to hold a hearing on the issue of competency. We decline to review this claim.

On November 28, 2007, defense counsel requested that the court order a competency evaluation. The court ordered the evaluation and continued the matter until December 14, 2007. On December 14, 2007, the prosecutor, but not defense counsel, appeared before the court. The prosecutor represented to the court that the director of the evaluation clinic had written a letter to the court, reporting that the defendant had "refused to meet with her for his evaluation . . . ." The court instructed the prosecutor to tell defense counsel and the defendant that "pursuant to General Statutes § 54-56d (b), a defendant is presumed to be competent—the burden of proving he is not [competent] by a preponderance of the evidence is upon the party raising the issue. If in fact

---

[6] The booking photographs were admitted after Palmieri positively identified the defendant in court as Kyle Collins.

[the defendant] has refused to cooperate, he is presumed to be competent . . . ."[7]

Although there is some question whether the defendant provided analysis of this unpreserved claim under *Golding*,[8] the claim fails because the claimed error did not occur. The defendant claims that the court improperly made a determination regarding competency without holding a hearing mandated by § 54-56d. The court did not make such a determination. The defendant refused to meet with the director, and, thus, a § 54-56d evaluation was not made. Because the evaluation did not occur, the court made no determination regarding the defendant's competency, and there was no basis on which to hold a hearing. The court did not make a determination of the defendant's competency and simply noted that in the absence of a showing by the defendant of incompetence, pursuant to § 54-56d (b), the defendant is presumed to be competent. Nothing prevented the defendant from making a later showing of incompetence.

The judgments are affirmed.

In this opinion the other judges concurred.

---

[7] General Statutes § 54-56d (b) provides in relevant part: "A defendant is presumed to be competent. The burden of proving that the defendant is not competent by a preponderance of the evidence and the burden of going forward with the evidence are on the party raising the issue. . . ."

[8] To the extent that the defendant also invites us to review his claim under our inherent supervisory authority over the administration of justice and the plain error doctrine, we decline to do so.