[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO WITHDRAW AS COUNSEL
In this matter, in which defendant has been found in violation of probation, the Public Defender has moved to withdraw after concluding that any appeal would be wholly frivolous. Anders v. California, 386 U.S. 738.
The court has fully examined the brief of the movant filed as well as the motion and the briefs filed by defendant. The court has also reviewed the transcript of the proceedings and all documents which constitute the file in this case. All issues raised by defendant and his trial attorney at each step in the proceedings were considered together with matters appealable pursuant to the by-pass theory of State v. Evans,165 Conn. 61 (1973), as well as matters which might constitute plain error.
After such examination it is concluded that defendant's appeal is wholly frivolous and that the motion to withdraw should be granted and new counsel not appointed. Connecticut Practice Book § 954.
The above conclusion is based upon the following.
On February 27, 1990, defendant was convicted of possession of cocaine with intent to sell in violation of General Statutes § 21a-277(a) and a sentence of ten years execution suspended after three years with three years CT Page 8950 probation was imposed. In addition to the general terms of probation, special conditions of probation required that defendant: 1) Participate in a drug program or counseling; 2) remain drug-free; 3) submit to random urine testing.
Defendant was arrested by warrant charging violation of probation and the matter came to hearing before the court (Leuba, J.) on November 16, 1993.
At the hearing defendant was informed of the manner in which he was alleged to have violated the conditions of probation. He was represented by counsel who cross-examined witnesses raised timely objections and argued on behalf of defendant.
After hearing the evidence the court concluded that defendant violated certain conditions of his probation. The court clearly articulated the reasons for such conclusion, all of which were supported by reliable and probative evidence. General Statutes § 53a-32(b). In finding that defendant violated the conditions of his probation the court recited the burden of proof applied to the evidence. The standard used was in accordance with State v. Davis, 229 Conn. 285, 295
(1994).
After finding that defendant had violated the conditions of his probation the court addressed the issue of whether defendant's probationary status should be revoked. The state and defendant argued their positions on this question. After such argument, based upon the whole record, the court found that the beneficial purposes of probation were no longer being served and the suspension of defendant's sentence was revoked and he was committed to the custody of the Commissioner of Corrections for the balance of the sentence.
In making this determination the court was vested with broad discretion. State v. Smith, 207 Conn. 152, 167 (1988). There is sufficient reliable and probative evidence to support the court's exercise of discretion.
The principal issue raised by defendant is a claim of inefficient assistance of counsel.
This claim, however, may not be addressed on appeal but could be raised in a separate proceeding. State v. Crenshaw, CT Page 8951210 Conn. 304, 315 (1989).
Accordingly, the motion to withdraw as counsel is granted and new counsel will not be reappointed.
Joseph J. Purtill Presiding Judge Criminal