STATE OF CONNECTICUT *v.* DONALD GLOVER
(13500)

Lavery, Schaller and Freedman, Js.

---

Argued November 1, 1995—decision released February 20, 1996

*Michael L. Moscowitz*, special public defender, for the appellant (defendant).

*Marjorie Allen Dauster*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Gary Nicholson*, assistant state's attorney, for the appellee (state).

LAVERY, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of attempted murder in violation of General Statutes §§ 53a-49 (a) (2)[1] and 53a-54a,[2] and assault in the first degree in violation of General Statutes § 53a-59 (a) (1).[3] The defendant claims that the conviction violates his right not to be put in double jeopardy under the United States constitution and the Connecticut constitution. The defendant also

---

[1] General Statutes § 53a-49 (a) provides in pertinent part: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he . . . (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[2] General Statutes § 53a-54a (a) provides in pertinent part: "A person is guilty of murder when, with the intent to cause the death of another person, he causes the death of such person . . . ."

[3] General Statutes § 53a-59 (a) provides in pertinent part: "A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument . . . ."

claims that the trial court improperly instructed the jury and allowed the jury to return inconsistent verdicts. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On August 22, 1992, the victim, Frank Upshur, and his girlfriend, Susan Gustafson, rode their bicycles to Edgerton Park in New Haven. At approximately 2:30 p.m., Upshur and Gustafson stopped at a park bench to rest. Immediately thereafter, Upshur saw the defendant walk past him. A few moments later, Upshur and Gustafson observed the defendant sitting on a nearby park bench staring at them. The defendant had his hand in a paper bag.

Upshur and Gustafson were sitting on the bench talking when the defendant suddenly appeared approximately one arm's length in front of them, with his hand inside the paper bag. The defendant lunged forward, laughed and fired a gun that was hidden in the bag. The shot hit Upshur in the abdomen. Upshur struggled to his feet and began to run while Gustafson fled around the opposite end of the bench. Upshur looked back to see if the defendant was following him and saw the defendant remove the gun from the bag and throw the bag aside. After running about five feet, Upshur collapsed and Gustafson ran to his side. The defendant proceeded to walk toward the couple, and Gustafson attempted to block the defendant from continuing his attack on Upshur. The defendant continued to approach Upshur, pointing the gun alternately at Upshur and Gustafson.

While the defendant pointed the gun at Gustafson, Upshur jumped to his feet and charged toward the defendant. The defendant swung the gun back at Upshur and aimed it at Upshur's head. As he approached the defendant, Upshur was looking down the barrel of the gun and saw the hammer go back, the

chamber rotate and the hammer fall forward. He heard a loud click as the gun misfired. Upshur and Gustafson then forced the defendant to the ground and wrestled the gun from him. Upshur and some bystanders held down the defendant until police arrived.

I

The defendant's first claim is that his conviction of both attempted murder and assault in the first degree violates his state and federal constitutional rights to be free from double jeopardy.[4] The defendant argues that the charges arise out of a single transaction and that the legislature did not intend that a person be convicted of both offenses on the basis of the same act. We conclude that the defendant's conviction of attempted murder and assault in the first degree did not violate his right to be free from double jeopardy.

The double jeopardy clause of the fifth amendment to the United States constitution provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., amend. V. This constitutional guarantee is applicable to the states through the due process clause of the fourteenth

---

[4] Although the Connecticut constitution has no specific double jeopardy provision, our Supreme Court has stated that the due process guarantees of article first, §§ 8 and 9, include protection against double jeopardy. See *State* v. *Boyd*, 221 Conn. 685, 690, 607 A.2d 376, cert. denied, 506 U.S. 923, 113 S. Ct. 344, 121 L. Ed. 2d 259 (1992). This court has previously held that the Connecticut constitution affords no greater protection than the United States constitution's double jeopardy clause in the context of multiple convictions and punishments imposed in a single trial. See *State* v. *Adams*, 38 Conn. App. 643, 655–56, 662 A.2d 1327, cert. denied, 235 Conn. 908, 665 A.2d 902 (1995); *State* v. *Laws*, 37 Conn. App. 276, 294–95, 655 A.2d 1131, cert. denied, 234 Conn. 907, 659 A.2d 1210 (1995). The defendant has not provided us with any reasons why the double jeopardy analysis in this case would be different under the Connecticut constitution. Because we are not required to review issues that have not been briefed, we decline to conduct a separate state constitutional double jeopardy analysis in this case. See *State* v. *Ramos*, 36 Conn. App. 831, 838–39, 661 A.2d 606, cert. denied, 235 Conn. 9, 662 A.2d 905 (1995).

amendment. *Benton* v. *Maryland*, 395 U.S. 784, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969). The double jeopardy clause not only prohibits multiple trials for the same offense, but protects individuals against multiple punishments for the same offense in a single trial. *State* v. *Hickman*, 235 Conn. 614, 618, 662 A.2d 762 (1995). "Double jeopardy analysis in the context of a single trial is a two-step process. First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met." (Internal quotation marks omitted.) *State* v. *Kulmac*, 230 Conn. 43, 67, 644 A.2d 887 (1994), quoting *State* v. *Greco*, 216 Conn. 282, 290–91, 579 A.2d 84 (1990). "In deciding whether the crimes arose out of the same act or transaction, we analyze the language of the information." *State* v. *Nita*, 27 Conn. App. 103, 113, 604 A.2d 1322, cert. denied, 222 Conn. 903, 606 A.2d 1329, cert. denied, 506 U.S. 844, 113 S. Ct. 133, 121 L. Ed. 2d 86 (1992).

In this case, although the state argued to the jury that the assault charge related to the shooting of the victim in the abdomen and that the attempted murder charge arose out of the misfired shot while the victim approached the defendant, the information charged the defendant with committing both crimes in the same place at the same time. The information fails to state the nature of the alleged acts with sufficient particularity to determine whether they are the same act or transaction. We are obligated to construe this ambiguity in favor of the defendant. Id., 114. We conclude, therefore, that the charges arise out of the same act or transaction for double jeopardy purposes.

Our next inquiry is whether the two offenses are the same for double jeopardy purposes. In order to determine that, we apply the traditional test enunciated in *Blockburger* v. *United States*, 284 U.S. 299, 52 S. Ct.

180, 76 L. Ed. 306 (1932). Under the *Blockburger* test, " 'where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.' " Id., 304; *State* v. *Chicano*, 216 Conn. 699, 707, 584 A.2d 425 (1990), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991).

In *State* v. *Sharpe*, 195 Conn. 651, 655–56, 491 A.2d 345 (1985), our Supreme Court held that attempted murder and assault in the first degree are separate offenses. The *Sharpe* court held that "[a] conviction for attempted murder requires proof of intentional conduct constituting a substantial step toward intentionally causing the death of another person. . . . No showing of actual injury is required. Conversely, a conviction for assault in the first degree requires proof that the defendant actually caused serious physical injury to another person. No showing of intent to cause death is necessary. Therefore, each offense requires proof of a fact which the other does not." (Citation omitted.) Id., 655.

The defendant claims that the *Sharpe* analysis is incomplete and that this court should apply the test enunciated in *State* v. *Lonergan*, 213 Conn. 74, 92, 566 A.2d 677 (1989), cert. denied, 496 U.S. 905, 110 S. Ct. 2586, 110 L. Ed. 2d 267 (1990). In *State* v. *Lonergan*, supra, 92, our Supreme Court held that in successive prosecution cases, two offenses might be considered the same offense for double jeopardy purposes under the *Blockburger* test despite dissimilar statutory elements where the same evidence or conduct proves both offenses. We decline, on the basis of our reasoning in *State* v. *Gilchrist*, 24 Conn. App. 624, 630, 591 A.2d 131, cert. denied, 219 Conn. 905, 593 A.2d 131 (1991), and *State* v. *Fernandez*, 27 Conn. App. 73, 95–97, 604 A.2d

1308, cert. denied, 222 Conn. 904, 606 A.2d 1330 (1992), to extend the holding in *Lonergan* to cases involving a single prosecution.

## II

The defendant's next claim is that the trial court's instructions to the jury were constitutionally defective because the trial court failed to relate the issues of law to the facts of the case. Specifically, the defendant argues that by failing to make a single allusion or reference to the evidence, the trial court's instructions failed to provide the jury with proper guidance in applying the law correctly to the facts. Although the defendant neither raised this issue at trial nor objected to the trial court's instructions because they failed to relate the law to the facts, the defendant has requested review under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989),[5] or the plain error rule in Practice Book § 4185.[6]

"In reviewing a constitutional challenge to the trial court's instructions, we must consider the jury charge as a whole to determine whether it is reasonably possible that the instruction misled the jury. . . . The test is whether the charge as a whole presents the case to the jury so that no injustice will result. . . . We will

---

[5] Under *State* v. *Golding*, supra, 213 Conn. 239–40, the defendant can prevail on an unpreserved claim only if (1) the record is adequate to review the alleged claim of error, (2) the claim is of constitutional magnitude alleging the violation of a fundamental right, (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial, and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. The first and second prongs of the *Golding* analysis dictate whether an issue will be reviewed, and the third and fourth prongs constitute review of the issue on its merits. See *State* v. *Avila*, 223 Conn. 595, 602, 613 A.2d 731 (1992).

[6] Practice Book § 4185 provides in pertinent part: "The court on appeal shall not be bound to consider a claim unless it was distinctly raised at trial or arose subsequent to trial. The court may in the interest of justice notice plain error not brought to the attention of the trial court. . . ."

reverse a conviction only if, in the context of the whole, there is a reasonable possibility that the jury was misled in reaching its verdict." (Citations omitted; internal quotation marks omitted.) *State* v. *Lemoine*, 233 Conn. 502, 509, 659 A.2d 1194 (1995).

"In reviewing whether the trial court *must* comment on any evidence that has been presented, we examine not only the entire jury charge, but also the presentation of the issues to the jury by counsel in the context of the trial. 'Within constitutional limitations concerning trial by jury, the nature and extent of the trial court's comments on the evidence must largely depend on the facts involved in a particular case and the manner in which it has been tried.' " (Emphasis in original.) Id., 511; *Anderson & McPadden, Inc.* v. *Tunucci*, 167 Conn. 584, 590, 356 A.2d 873 (1975). The trial court has wide discretion particularly where issues were clearly delineated during the trial and where the arguments of counsel fairly presented the case to the jury. *State* v. *Lemoine*, supra, 511.

In the present case, the trial court did not abuse its discretion by keeping comment on the evidence to a minimum. Its instructions to the jury were accurate in the law, adapted to the issues of the case and sufficient to guide the jury in applying the law to the facts of the case. The factual issues were adequately presented to the jury in the arguments of counsel. We find that it is not reasonably possible that the jury was misled by the trial court's instructions. We conclude, therefore, that the trial court did not abuse its discretion and that the defendant was not deprived of a fair trial.

### III

The defendant's final claim is that the trial court deprived the defendant of his constitutional right to due process of law by permitting the jury to return an inconsistent verdict. Specifically, the defendant argues

that his conviction of attempted murder and assault in the first degree is inconsistent because the offenses require proof that the defendant possessed two inconsistent mental states at the same time. We conclude that the jury did not return an inconsistent verdict.

To determine whether a jury verdict is legally inconsistent, "we look carefully to determine whether the existence of the essential elements for one offense negates the existence of the essential elements of another offense of which the defendant also stands convicted." *State* v. *Hinton*, 227 Conn. 301, 313, 630 A.2d 593 (1993). A conviction of attempted murder required the jury to find that the defendant intended to cause the victim's death, while a conviction of assault in the first degree under § 53a-59 (a) (1), required the jury to find that the defendant intended to cause the victim serious physical injury.

In the present case, the jury reasonably could have concluded that the defendant intended to cause Upshur serious physical injury when the defendant fired the gun into Upshur's abdomen, and intended to cause Upshur's death when he later misfired the gun at Upshur's head. Because the jury was not required to find that the relevant mental states existed simultaneously, its verdict was not logically inconsistent. See *State* v. *Fernandez*, supra, 27 Conn. App. 94.

The judgment is affirmed.

In this opinion the other judges concurred.