STATE OF CONNECTICUT *v.* LAWRENCE
HAWTHORNE
(AC 19648)

Foti, Pellegrino and O'Connell, Js.

Argued December 5, 2000—officially released January 30, 2001

*Michael A. D'Onofrio*, special public defender, for the appellant (defendant).

*Susann E. Gill,* senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Cornelius P. Kelly,* assistant state's attorney, for the appellee (state).

*Opinion*

O'CONNELL, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of attempt to commit murder in violation of General Statutes §§ 53a-49 and 53a-54a (a) and assault in the first degree in violation of General Statutes § 53a-59 (a) (3).[1] The defendant's sole claim is that the trial court improperly accepted an inconsistent verdict of guilty of these two crimes. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On the evening of September 26, 1997, the victim accompanied the defendant to a small, empty room in the Greene Homes housing complex in Bridgeport to ingest cocaine. When they had finished, the defendant attacked the victim, starting by inserting three fingers into the victim's vagina. The victim told him to stop and that she wanted to leave, but the defendant would not let her go and pushed her against the wall. The victim hit him with her pocketbook and then with one of her shoes. The defendant struck the victim in the head with her other shoe and punched her in the face. The victim struggled with the defendant, and, in the course of that struggle, a portion of her stockings was torn from her body. The defendant then wrapped the stocking around the victim's neck and told her that "[she] was not going to get out of [there] alive." The defendant also grabbed an empty beer bottle and struck the victim in the face with it. Eventually, the victim was able to break away and flee the building.

---

[1] The jury found the defendant not guilty of aggravated sexual assault in the first degree.

The victim was transported to Bridgeport Hospital where she was treated for multiple injuries, including a fractured jaw, a puncture wound to her leg, a hematoma around her eye, and bleeding from her nose and ears. The emergency room physician testified that the victim has suffered serious physical injuries and that there was a substantial risk of death. The victim remained in the hospital for about two weeks and underwent two surgical procedures.

The defendant contends that the verdict of guilty of attempt to commit murder and assault in the first degree is inconsistent as a matter of law when the same person is the victim of both crimes. He argues that attempt to commit murder and assault by reckless conduct require incompatible mental states. Attempt to commit murder requires an intent to cause death,[2] whereas assault in the first degree requires reckless conduct.[3] He relies on *State* v. *King*, 216 Conn. 585, 595, 583 A.2d 896 (1990), on appeal after remand, 218 Conn. 747, 591 A.2d 813 (1991), for the proposition that he may be convicted of one count or the other, but not of both.

---

[2] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with *intent* to cause the death of another person, he causes the death of such person . . . ." (Emphasis added.)

General Statutes § 53a-3 (11) provides: "A person acts 'intentionally' with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or to engage in such conduct . . . ."

[3] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life he *recklessly* engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person . . . ." (Emphasis added.)

General Statutes § 53a-3 (13) provides: "A person acts 'recklessly' with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists. The risk must be of such nature and degree that disregarding it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation . . . ."

In *King*, our Supreme Court enunciated that "the statutory definitions of intentionally and recklessly are mutually exclusive and inconsistent. Reckless conduct is not intentional conduct because one who acts recklessly does not have a conscious objective to cause a particular result. . . . Therefore, the transgression that caused the victim's injuries was either intentional or reckless; it could not, at one and the same time, be both. . . . Where a determination is made that one mental state exists, to be legally consistent the other must be found not to exist. . . . By no rational theory could the jury have found the defendant guilty of both crimes. . . . Logically then, the jury verdicts convicting the defendant of two offenses each of which requires a mutually exclusive and inconsistent state of mind as an essential element for conviction cannot stand." (Citations omitted; internal quotation marks omitted.) Id., 593–94. Referring to the murder and assault counts, the *King* court held that "the trial court must instruct the jury that, depending on its findings of fact, it may convict the defendant of one count or the other, but not of both." Id., 595.

The defendant's reliance on *King* is misplaced. *King* is inapposite because it involved only one criminal act (setting fire to another prisoner's cell). In the present case, however, the jury reasonably could have bifurcated the defendant's attack on the victim as follows: (1) the general battering of the victim, including punching her in the face, hitting her head with a shoe, striking her face with a beer bottle and banging her head against the wall; and (2) the wrapping of the leg of the victim's stocking around her neck while telling her that she would not get out of the room alive.

The defendant argues that everything he did to the victim was part of one overall beating and that the jury could not divide the facts so as to assign a portion of them to the attempt to commit murder count and

another to the assault count. We are not persuaded. In *State* v. *Glover,* 40 Conn. App. 387, 395, 671 A.2d 384, cert. denied, 236 Conn. 918, 673 A.2d 1145 (1996), this court bifurcated the facts where the defendant fired a gun at the victim's abdomen and then attempted to fire at the victim's head, although the gun misfired. We determined that the jury could have concluded that the shot at the victim's abdomen evinced an intent to cause serious physical injury, whereas the misfired shot at the victim's head supported an intent to kill.

Where, as here, the jury reasonably could find that the defendant committed one act or group of acts with one mental state and a second act or acts with a different mental state, there is no inconsistency. The court properly accepted the verdict of guilty on both charges.

The judgment is affirmed.

In this opinion the other judges concurred.