Donald GLOVER, Petitioner,

v.

**CONNECTICUT DEPARTMENT OF CORRECTION, Respondent.**

**Civil No. 3:08cv07 (JBA).**

United States District Court, D. Connecticut.

Sept. 2, 2008.

Donald Glover, Uncasville, CT, pro se.

Courtney Gates–Graceson, Office of the Chief State's Attorney, Michael E. O'Hare, Chief State Attorney Office, Rocky Hill, CT, for Respondent.

## RULING ON RESPONDENT'S MOTION TO DISMISS

JANET BOND ARTERTON, District Judge.

Petitioner Donald Glover, an inmate confined at the Corrigan–Radgowski Correctional Institution in Uncasville, Connecticut, brought this action *pro se* seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. # 1]. He challenges his convictions for assault and attempted murder and alleges that he was not competent to participate in his defense, that the State public defenders "have other agendas than representing their clients," and that the convictions violated his right to be free from double jeopardy. The Respondent, the state Department of Correction, has moved to dismiss the petition [Doc. # 10] as untimely and for failure to exhaust his state-court remedies. Despite being specifically notified [Doc. # 11] of the motion to dismiss, Mr. Glover did not file an opposition or otherwise respond.

 A federal petition for writ of habeas corpus challenging a state court conviction is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period begins at "the conclusion of direct review of the expiration of the time for seeking such review," but excludes "time during which a properly filed" state habeas petition is pending. § 2244(1)(A), (2); *Williams v. Artuz,* 237 F.3d 147, 151 (2d Cir.2001). Mr. Glover was convicted after a jury trial and sentenced on February 25, 1994.[1] (Resp't's

---

1. In support of its motion, the Respondent submitted copies of the relevant state-court

Mem., App. A.) His conviction was affirmed by the Connecticut Appellate Court and, on April 8, 1996, the Connecticut Supreme Court denied his petition for certification to appeal. *State v. Glover*, 40 Conn. App. 387, 671 A.2d 384, 389, *cert. denied*, 236 Conn. 918, 673 A.2d 1145 (1996). With no further direct review, the Petitioner's conviction became final ninety days later, on July 7, 1996. Therefore, the limitations period began on July 8, 1996, and was tolled forty-three days later, on August 19, when Mr. Glover filed a petition for writ of habeas corpus in state court.[2] (Resp't's Mem., App. D.) This state petition was later dismissed on May 26, 1998. Counsel filed an appeal, but later was granted permission to withdraw. Mr. Glover failed to file an appellate brief and, on December 2, 1998, the appeal was dismissed. (Resp't's Mem., App. E.) He also did not file a petition for certification to appeal to the Connecticut Supreme Court. Although Mr. Glover filed three motions seeking reinstatement of his appeal, he did not succeed in reopening his appeal. (Resp't's Mem., App. F.) The limitations period then restarted on December 23, 1998, at the conclusion of the twenty-day period Mr. Glover had to petition for certification to

appeal, and ended 322 days later, on November 9, 1999.[3]

 Thus, Mr. Glover's present petition is too late. His second state habeas petition, filed in 2002, does not affect the analysis because the limitations period had already expired. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000). There is also insufficient justification for applying the doctrine of equitable tolling, which is to be applied in habeas cases only in the rare instances where a petitioner "has been pursuing his rights diligently," yet was obstructed by "some extraordinary circumstance." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). This is a difficult burden for a petitioner to carry. *McGinnis*, 208 F.3d at 17–18. The Second Circuit has recognized "only a limited number of circumstances that may merit equitable tolling, such as where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary, [or] where prison officials intentionally obstruct a petitioner's ability to file his petition by confiscating his legal papers." *Doe v. Menefee*, 391 F.3d 147, 159–60 (2d Cir.2004) (citations omitted).

In his petition, Mr. Glover states that he was continuously prescribed psychotropic

---

**2.** The Second Circuit considers a complaint or petition to be filed in federal court on the

documents, some of which Mr. Glover attached to his petition. The Court may take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned," such as the records of court proceedings. Fed.R.Evid. 201(b)(2). Accordingly, the Court takes judicial notice of the documents attached to Respondent's motion that were not also submitted by Mr. Glover. *Cf. Davis v. Cotov*, 214 F.Supp.2d 310, 315 (E.D.N.Y.2002) (taking judicial notice of fact that plaintiff pleaded guilty to a parole violation where defendant attached a copy of the Board of Parole decision to their motion papers).

day the inmate gives the document to prison officials for mailing. *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir.1993). But because this prison "mailbox" rule has not been adopted by the Connecticut state courts, *Hastings v. Comm'r of Corr.*, 82 Conn.App. 600, 847 A.2d 1009, 1012 (2004), Mr. Glover's state habeas petition was not considered filed until received by the state court.

**3.** Respondent's memorandum describes two different procedural histories for Mr. Glover's first state habeas petition. The summary above is supported by the publicly available electronic docket for the state proceedings. The Court will not rely on the slightly different version also in the briefing which is not supported by authority.

medication from 1993 through June 2001. Although the Second Circuit has not determined whether psychotropic medication warrants equitable tolling in this context, other courts have answered the question in the negative; the Seventh Circuit reasoned that mental illness will toll the limitations period only if "the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting on them." *Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir.1996); *see also Rios v. Mazzuca,* 78 Fed.Appx. 742, 743–45 (2d Cir.2003) (assuming without deciding that mental illness could warrant equitable tolling and concluding that equitable tolling was not appropriate for a petitioner who was "capable of investigating and pursuing legal avenues" despite his mental illness); *Brown v. McKee,* 232 F.Supp.2d 761, 768 (E.D.Mich.2002) (finding that "the fact that petitioner has been receiving psychotropic medications would actually weigh more in favor of his being able to function than not") (quotation marks omitted).

According to the record before the Court, the excerpts from Petitioner's medical records indicate that he held a prison job in 1997. A doctor's letter dated May 5, 1998 indicates that Mr. Glover was competent while medicated. During the hearing held on April 20, 1998 for his state habeas petition, Mr. Glover stated that the medication reduced his strength to prevent him from acting wildly. He also recalled his trial and understood the habeas proceeding. Thus, the evidence does not show that Petitioner could not tend to his legal affairs during the relevant time period. These facts do not demonstrate the "extraordinary circumstances" necessary to equitably toll the statute of limitations here. Consequently, Mr. Glover's petition is time-barred.

Accordingly, the Respondent's motion to dismiss [Doc. # 10] is granted. Because Mr. Glover has not shown that "reasonable jurists" would conclude that this Court's assessment of his claims is "debatable or wrong," a certificate of appealability will not issue. *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). The Clerk is directed to enter judgement and close this case.

IT IS SO ORDERED.