## STATE OF CONNECTICUT *v.* DUANE LOCKHART
(AC 18184)

Landau, Hennessy and Dupont, Js.

Argued April 26—officially released September 26, 2000

*Jeffrey D. Brownstein*, with whom, on the brief, was *Gregory A. Thompson*, for the appellant (defendant).

*Toni M. Smith-Rosario*, assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Michael D. Glowa*, senior assistant state's attorney, for the appellee (state).

*Opinion*

LANDAU, J. The defendant, Duane Lockhart, appeals from the judgment of the trial court revoking his probation pursuant to General Statutes (Rev. to 1993) § 53a-32[1] and committing him to the custody of the commis-

---

[1] General Statutes (Rev. to 1993) § 53a-32 provides in relevant part: "(a) At any time during the period of probation or conditional discharge, the court or any judge thereof may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge . . . . Upon such arrest and detention, the probation officer shall immediately so notify the court or any judge thereof. Thereupon, or upon an arrest by warrant as herein provided, the court shall cause the defendant to be brought before it without unnecessary delay for a hearing on the violation

sioner of correction for a period of six months. On appeal, the defendant claims (1) that the revocation court improperly revoked his probation because (a) the procedures employed at the revocation hearing were inadequate and violated his due process rights, (b) it improperly found that the conditions of his probation were not ambiguous and (c) article first, § 8, of the constitution of Connecticut provides a higher standard of protection for probationers than the United States constitution and therefore a revocation of probation is proper only if the violation is found to have been wilful, and (2) he was deprived of his sixth amendment right to effective assistance of counsel. We affirm the judgment of the trial court.

Certain facts adduced at the probation revocation hearing are relevant to this appeal. On May 24, 1994, the defendant pleaded guilty to misconduct with a motor vehicle in violation of General Statutes § 53a-57. The sentencing court, on July 14, 1994, imposed a three year sentence, execution suspended, and three years of probation. The sentencing court also imposed a number of special conditions, including an order that the defendant not operate a motor vehicle for a period of at least one year. On August 9, 1994, the defendant was arrested and charged with speeding in violation of General Statutes § 14-219 (c). He advised his probation officer of the speeding incident, but no arrest warrant was issued until February 1, 1996. A probation revocation hearing was held on February 11, 19 and 20, 1998, and the court found that the defendant violated the conditions of his probation by operating a motor vehicle

charges. . . .

"(b) If such violation is established, the court may continue or revoke the sentence of probation or conditional discharge or modify or enlarge the conditions, and, if such sentence is revoked, require the defendant to serve the sentence imposed or impose any lesser sentence. No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by reliable and probative evidence."

within one year of sentencing. The court revoked the defendant's probation on February 20, 1998, and committed him to the custody of the commissioner of correction for a period of six months. This appeal followed.

I

The defendant first claims that the court's revocation of his probation was improper. He argues that (1) the procedures employed at the revocation hearing were inadequate and violated his due process rights, (2) the court improperly found that the conditions of his probation were not ambiguous and (3) article first, § 8, of the constitution of Connecticut provides a higher standard of protection for probationers than the United States constitution and therefore a revocation of probation is proper only if the violation is found to have been wilful.

Under § 53a-32, "a probation revocation hearing has two distinct components. . . . The trial court must first conduct an adversarial evidentiary hearing to determine whether the defendant has in fact violated a condition of probation." (Internal quotation marks omitted.) *State* v. *Treat*, 38 Conn. App. 762, 766, 664 A.2d 785, cert. denied, 235 Conn. 920, 665 A.2d 907 (1995). When deciding whether a violation has occurred, the court is "entitled to draw reasonable and logical inferences from the evidence." *Payne* v. *Robinson*, 10 Conn. App. 395, 403, 523 A.2d 917 (1987), aff'd, 207 Conn. 565, 541 A.2d 504, cert. denied, 488 U.S. 898, 109 S. Ct. 242, 102 L. Ed. 2d 230 (1988). The court's finding of a violation of probation will be supported if the evidence would "induce a reasonable belief that it is more probable than not that the defendant has violated a condition of his or her probation." *State* v. *Davis*, 229 Conn. 285, 302, 641 A.2d 370 (1994). "If the trial court determines that the evidence has established a violation of a condition of probation, then it proceeds to the second compo-

nent of probation revocation, the determination of whether the defendant's probationary status should be revoked. On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation . . . [and] . . . require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion." (Citation omitted; internal quotation marks omitted.) *State* v. *Treat*, supra, 38 Conn. App. 766–67.

"This court may reverse the trial court's initial factual determination that a condition of probation has been violated only if we determine that such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling. . . ." (Citations omitted; internal quotation marks omitted.) Id., 769–70.

## A

Citing the court's failure to inform him in writing of (1) his specific behavior that the state alleged violated a condition of his probation, (2) the evidence that the court relied on in finding that he violated his probation and (3) the court's reasons for revocation of his probation, the defendant argues that his due process rights under the fourteenth amendment to the United States constitution were violated. The defendant concedes that this claim is unpreserved. He maintains, however, that he is entitled to review pursuant to the exceptional circumstances doctrine of *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 576 (1973), as reformulated in *State* v.

*Golding,* 213 Conn. 233, 567 A.2d 823 (1989),[2] or, in the alternative, under the plain error doctrine set forth in Practice Book § 4061, now § 60-5. Beyond his mere assertion that the court did not employ in the revocation hearing procedures required by due process, the defendant has not presented any legal analysis to support his request for relief under either *Evans-Golding* review or plain error review. Because the defendant has failed to brief his claim adequately, we do not reach the issue of whether he could prevail under the third or fourth prongs of *Golding.* See *State* v. *Ramos,* 36 Conn. App. 831, 836, 661 A.2d 606, cert. denied, 235 Conn. 902, 665 A.2d 905 (1995) (declining to review underlying claim for relief where request for *Golding* relief not adequately briefed); *State* v. *Cain,* 25 Conn. App. 503, 524, 596 A.2d 449 (1991), aff'd 223 Conn. 731, 613 A.2d 804 (1992) (same); see also *State* v. *Sewell,* 38 Conn. App. 20, 28, 658 A.2d 598, cert. denied, 234 Conn. 918, 661 A.2d 98 (1995) (declining to review underlying claim where request for relief under plain error doctrine not adequately briefed).

B

The defendant next claims that the revocation court improperly found that the circumstances surrounding the sentencing for his underlying conviction did not lead to ambiguity in the conditions of his probation.[3]

---

[2] "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding,* supra, 213 Conn. 239–40.

[3] The state argues that under the first prong of *Golding* we should decline to review this claim because the record is inadequate for review. See *State* v. *Golding,* supra, 213 Conn. 239–40. The state points to two reasons for concluding that the claim is unpreserved. First, the defendant, at the revocation hearing, failed to argue that the *wording* of the sentencing court's order

The defendant contends that the date and mechanism by which he was to lose his privilege to drive were ambiguous. In support of his argument, the defendant relies on the circumstances surrounding his sentencing. At sentencing, the prosecutor submitted a written sentencing recommendation to which the prosecutor, defense counsel and counsel for the estate and family of the victim had agreed.[4] Among the suggested conditions of probation was a recommendation for a minimum one year suspension of the defendant's operator's license "as per statute." The sentencing court, however, ordered the defendant "not to operate a motor vehicle for a period of at least one year and that's to *include* any suspension of your right to operate by the motor vehicle department, which may be a consequence of this plea." (Emphasis added.) Pointing to the disposition recommended by the parties, the defendant asserts that he understood the court's order not to drive to be simply an acknowledgment that he would lose his license *at some later date* by operation of statute, not immediately by order of the sentencing court. The defendant further argues that had the revocation court properly found that the conditions of his probation were ambiguous, he would have been entitled to have the ambiguity construed in his favor.

This claim concerns the revocation court's role as fact finder. As such, this court may reverse the revocation

was ambiguous. Second, the defendant conceded that the sentencing court ordered him not to drive for one year. The defendant requests review under *Evans-Golding* or the plain error doctrine.

Our review of the record reveals that the defendant properly preserved the issue raised on appeal. At the revocation hearing, the defendant made it clear that he did not understand the sentencing court's order because of the *circumstances* surrounding his sentencing. Despite the state's observations about what the defendant did not argue, the claim is preserved.

We note that the extraordinary relief provided by *Golding* is sought only when a claim is not preserved. Here, because the claim was preserved, we need not invoke *Golding*.

[1] The defendant's conviction resulted from an incident in which a woman died as a result of his reckless operation of a motorcycle.

court's finding only if that finding was clearly errone-
ous. See *State* v. *Treat*, supra, 38 Conn. App. 769. While
the defendant is correct in asserting that any ambigu-
ities concerning conditions of his probation must be
resolved in his favor; see *State* v. *Mobley*, 42 Conn. Sup.
574, 580–82, 634 A.2d 305, aff'd, 33 Conn. App. 103, 633
A.2d 726 (1993), cert. denied, 228 Conn. 917, 636 A.2d
849 (1994); the revocation court found that the proba-
tion conditions were not ambiguous. That finding is
supported by a plain reading of the language used by
the sentencing court. Therefore, the finding was not
clearly erroneous and it will not be disturbed.

C

The defendant also claims that article first, § 8, of
the constitution of Connecticut provides a higher stan-
dard of protection for probationers than the United
States constitution and, among other things, that revo-
cation of probation is proper only if the violation is
found to have been wilful. The defendant again invokes
*Evans-Golding* to induce this court to review his unpre-
served claim. Because the defendant again failed to
brief the issue adequately, we will not afford review.
See *State* v. *Ramos*, supra, 36 Conn. App. 836.[5]

II

In his final claim, the defendant argues that he was
denied effective assistance of counsel at sentencing and
at the revocation hearing. The defendant asserts that his
counsel failed (1) to explain the conditions of probation
to him, (2) to question the sentencing court about the

---

[5] The defendant has requested this court to review his state constitutional
claim without providing the state constitutional analysis required by *State*
v. *Geisler*, 222 Conn. 672, 685, 610 A.2d 1225 (1992). Under *Geisler*, the
state constitutional analysis should include a discussion of: (1) the text
of constitutional provisions, (2) state case law, (3) federal precedent, (4)
precedent of other states, (5) historical considerations and (6) economic
and sociological considerations. Id.

conditions of probation and (3) to argue that his probation should have been modified instead of revoked. "We have long held that the proper forum in which to address claims of ineffective representation of counsel is in the habeas forum . . . rather than [a] direct appeal. See *State* v. *Leecan*, 198 Conn. 517, 541, 504 A.2d 480, cert. denied, 476 U.S. 1184, 106 S. Ct. 2922, 91 L. Ed. 2d 550 (1986)." *State* v. *Jones*, 46 Conn. App. 640, 660, 700 A.2d 710, cert. denied, 243 Conn. 941, 704 A.2d 797 (1997). "As our Supreme Court has stated, an ineffective assistance claim should be resolved, not in piecemeal fashion, but as a totality after an evidentiary hearing in the trial court where the attorney whose conduct is in question may have an opportunity to testify." Id., 661. We conclude, in accordance with precedent, that this claim must be resolved in a habeas corpus proceeding.

The judgment is affirmed.

In this opinion the other judges concurred.