STATE OF CONNECTICUT *v.* VICTOR GARUTI
(AC 20116)

Schaller, Pellegrino and Daly, Js.

Argued September 20—officially released November 21, 2000

*Laila Mary Ghabrial*, deputy assistant public defender, for the appellant (defendant).

*Jessica C. Torres-Daigle*, special deputy assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Kevin Murphy*, assistant state's attorney, for the appellee (state).

*Opinion*

DALY, J. The defendant, Victor Garuti, appeals from the judgment of the trial court revoking his probation and committing him to the custody of the commissioner of correction (commissioner) to serve the remaining two years and 215 days of his previously suspended sentence of incarceration. On appeal, the defendant claims that the court (1) improperly found that he had violated his probation and (2) violated his due process rights. We affirm the judgment of the trial court.

The following procedural history is relevant to this appeal. On December 8, 1997, the court sentenced the

defendant to the custody of the commissioner for a term of three years, suspended after 150 days, and three years probation. The defendant's probationary period began on May 6, 1998, at which time he provided a residential address to a probation officer. During a May 14, 1998 visit to the address, the probation officer was told that the defendant did not reside there. A warrant was issued for the defendant's arrest on a charge of violation of probation. The warrant alleged that the defendant violated a condition of his probation by failing to keep his probation officer informed of his whereabouts. On July 12, 1999, the court held a two part probation revocation hearing.

At the conclusion of the hearing's evidentiary phase, the court prefaced its findings by stating, "I'm reasonably satisfied that the terms of probation have been violated and the beneficial purposes of probation [are] no longer being served." The court then found that the defendant had violated his probation because "the probation officers did not know of [the defendant's] whereabouts, did not know how to get a hold of him, and that is the violation."[1] During the hearing's dispositional phase, the defendant addressed the court and requested leniency. When the entire hearing concluded, the court revoked the defendant's probation.

I

The defendant first claims that the court improperly found that he had violated the terms of his probation because there was insufficient evidence to support such a finding. The defendant argues that because the testimony of his witness refuted the testimony of the state's witnesses, the latter were not credible. We disagree.

[1] The court found that as far as the probation officers were concerned, the defendant was not living at the address he gave them, had not made a change of address with the probation officers and that the probation officers were unable to visit the defendant at his residence.

In a probation revocation proceeding, the state bears the burden of proving by a preponderance of the evidence that the defendant violated the terms of his probation. *State* v. *Daniels*, 248 Conn. 64, 74, 726 A.2d 520 (1999). We may reverse the court's finding that a defendant violated the terms of his probation only if that finding is clearly erroneous. *State* v. *Samuel*, 57 Conn. App. 64, 68, 747 A.2d 21, cert. denied, 253 Conn. 909, 753 A.2d 942 (2000); *State* v. *Welch*, 40 Conn. App. 395, 401, 671 A.2d 379, cert. denied, 236 Conn. 918, 673 A.2d 1145 (1996). "A finding of fact is clearly erroneous when there is no evidence to support it . . . or . . . the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Internal quotation marks omitted.) *State* v. *Rollins*, 51 Conn. App. 478, 482, 723 A.2d 817 (1999). This court defers to the trial court's discretion in matters of determining credibility and the weight to be given to a witness' testimony. See *Beede* v. *Beede*, 186 Conn. 191, 195, 440 A.2d 283 (1982).

During the evidentiary phase of the defendant's probation revocation hearing, the state entered four documents into evidence and presented four witnesses. One of the witnesses was the probation officer who conducted the May 14, 1998 visit to the address the defendant gave as his residence. The probation officer testified that he was unable to contact the defendant directly by telephone or in person. The probation officer also testified that when he went to the address that the defendant had given, a woman there told him that the defendant "had never stayed at that address and that she thought that he stayed from . . . girlfriend to girlfriend." That woman was the defendant's only witness. Both parties had the opportunity to cross-examine the witnesses.

At the close of the hearing's evidentiary phase, the court stated, "I will not make a decision until I've looked this over." The court then recessed. When the court reconvened, it found after "review[ing] the evidence that we took here of the witnesses and the documents that I have had before me, considering the credibility . . . . The fact is that the probation officers did not know of [the defendant's] whereabouts, did not know how to get a hold of him, and that is the violation."

On the basis of our review of the briefs and the transcript, we conclude that there was sufficient evidence to support the court's finding that the defendant violated the terms of his probation. The court's decision was not clearly erroneous and it will not be disturbed.

II

Next, the defendant seeks review of his unpreserved due process claim under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989). "[A] defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) Id.

The defendant's claim is that the court violated his due process rights because it failed to afford him a full revocation hearing. He bases this claim on the comment that the court made at the conclusion of the hearing's evidentiary phase: "I'm reasonably satisfied that . . . the beneficial purposes of probation [are] no longer being served." We have stated that "[i]n the absence of

any one of [the four *Golding* requirements for review of an unpreserved constitutional claim] the defendant's claim will fail. The appellate tribunal is free, therefore, to respond to the defendant's claim by focusing on whichever condition is most relevant in the particular circumstances." *State* v. *Atkins*, 57 Conn. App. 248, 252, 748 A.2d 343, cert. denied, 253 Conn. 916, 754 A.2d 164 (2000). We conclude that the defendant failed to establish a clear constitutional violation or that the court deprived him of a full and fair hearing. The defendant's due process claim fails the third prong of *Golding.*

To satisfy due process,[2] the defendant is entitled to a two part probation revocation hearing pursuant to General Statutes § 53a-32.[3] "[A] probation revocation hearing has two distinct components. . . . The trial

---

[2] "[A] probation revocation hearing does not require all of the procedural components associated with an adversarial criminal proceeding." *State* v. *Smith*, 207 Conn. 152, 176–77, 540 A.2d 679 (1988). "[T]he purpose of a probation revocation hearing is to determine whether there are findings upon which a violation of a condition can rest and, if there are, whether, in the discretion of the court, those findings warrant a continuation, modification or revocation of the conditional liberty of a defendant. . . . [T]hose charged with a violation of probation . . . have only a conditional right to liberty." *State* v. *Baxter*, 19 Conn. App. 304, 313, 563 A.2d 721 (1989).

[3] General Statutes § 53a-32 provides in relevant part: "(a) At any time during the period of probation . . . the court . . . may issue a warrant for the arrest of a defendant for violation of any of the conditions of probation or conditional discharge . . . . [T]he court shall cause the defendant to be brought before it . . . for a hearing on the violation charges. At such hearing the defendant shall be informed of the manner in which he is alleged to have violated the conditions of . . . probation or conditional discharge, shall be advised by the court that he has the right to . . . counsel and . . . shall have the right to cross-examine witnesses and to present evidence in his own behalf.

"(b) If such violation is established, the court may . . . (4) revoke the sentence of probation or conditional discharge. If such sentence is revoked, the court shall require the defendant to serve the sentence imposed or impose any lesser sentence. . . . No such revocation shall be ordered, except upon consideration of the whole record and unless such violation is established by the introduction of reliable and probative evidence and by a preponderance of the evidence."

court must first conduct an adversarial evidentiary hearing to determine whether the defendant has in fact violated a condition of probation." (Internal quotation marks omitted.) *State* v. *Lockhart*, 60 Conn. App. 119, 122, 758 A.2d 857 (2000). "If the trial court determines that the evidence has established a violation of a condition of probation [by a preponderance of the evidence], then it proceeds to the second component of probation revocation, the determination of whether the defendant's probationary status should be revoked. On the basis of its consideration of the whole record, the trial court may continue or revoke the sentence of probation . . . [and] . . . require the defendant to serve the sentence imposed or impose any lesser sentence. . . . In making this second determination, the trial court is vested with broad discretion." (Internal quotation marks omitted.) Id., 122–23; General Statutes § 53a-32.

The defendant does not dispute the adequacy of the evidentiary phase of the two part revocation hearing. He also does not dispute that the court appropriately conducted the dispositional phase of the hearing. The defendant claims instead that the dispositional phase of the hearing was not meaningful because the court already had decided to revoke his probation at the conclusion of the evidentiary phase. The defendant bases this claim on a single statement at the end of the hearing's evidentiary phase when the court stated that "the beneficial purposes of probation [are] no longer being served."

The record does not support the defendant's claim. It is clear that the court conducted a full and fair two part probation revocation hearing. It first determined that the defendant had violated his probation and then determined that revocation was appropriate because the beneficial purposes of probation no longer were being served. During the evidentiary phase of the revocation hearing, the state presented four witnesses and

the defendant presented one witness. Both parties had an opportunity to cross-examine the witnesses. Then, both parties addressed the court.[4] At the conclusion of the evidentiary phase, the court explained that "the primary purpose of the probation revocation proceeding is to determine whether the defendant is complying with the terms of probation." The court then analyzed the credibility of the witnesses and weighed the evidence presented during the hearing's evidentiary phase. Despite the court's comment that "the beneficial purposes of probation [are] no longer being served," the court's findings relate only to its determination that the defendant violated the terms of his probation. There is no indication that the court determined at the conclusion of the evidentiary portion of the hearing that the defendant's probation would be revoked.

Moreover, at the conclusion of the hearing's dispositional phase, the court discussed at length how it came to the conclusion that probation was no longer serving a beneficial purpose for the defendant: "It means little for a court to go through the motions of sentencing someone with probation if the probation is meaningless to the individual. . . . [T]his court . . . is going to place a meaning with probation and if you live up to that, that's fine . . . . [I]f you're not, then perhaps we have to find that it was a mistake."

On the basis of our review of the transcript and the briefs, we conclude that the court conducted a probation revocation hearing that complied with the requirements of due process. The defendant was afforded a full two part probation revocation hearing prior to having his probation revoked.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] An attorney represented the defendant during both phases of the revocation hearing. In the dispositional phase, both the attorney and the defendant addressed the court.