## STATE OF CONNECTICUT *v.* MAJOR HOLMES
## (AC 21449)

Foti, Mihalakos and Dupont, Js.

Argued February 25—officially released May 21, 2002

Arnold V. Amore II, special public defender, for the appellant (defendant).

Melissa L. Streeto, special deputy assistant state's attorney, with whom, on the brief, were Michael Dearington, state's attorney, Cecelia Wiederhold, supervisory assistant state's attorney, and Laura D. DeLeo, assistant state's attorney, for the appellee (state).

*Opinion*

FOTI, J. The defendant, Major Holmes, appeals from the judgment of the trial court revoking his probation and imposing a twenty month term of incarceration. On appeal, the defendant claims that the court improperly (1) denied his motion to dismiss count one of the state's long form information charging him with violations of probation[1] and (2) found that there was sufficient evidence to establish such a violation as alleged in counts two and three of that information.[2] We affirm the judgment of the trial court.

---

[1] The state's information alleged three counts. Count one accused the defendant of violating criminal laws of this state on two occasions. Counts two and three accused him of failing to comply with the special conditions of his probation concerning substance abuse evaluation and treatment, as well as domestic violence and anger management counseling, respectively.

[2] We need not address the defendant's first claim on appeal because sufficient evidence establishes that he violated his probation as alleged in counts two and three, thereby rendering harmless any judicial error that might otherwise be present.

At oral argument, the defendant further claimed that because the court found that he had violated his probation as alleged in all three counts of the state's long form information, it improperly enhanced his term of incarceration by reinstating the remaining twenty months left on his original suspended sentence. We decline to address that claim on the basis of the well established rule, which is in need of no citation, that this court does not have to entertain claims that have been inadequately briefed. The defendant's brief is devoid of any claim whatsoever regarding sentence enhancement and, therefore, we decline to address it because it was presented to this court for the first time at oral argument.

The court found the following facts. On July 16, 1999, the defendant pleaded guilty to and was convicted of assault in the third degree in violation of General Statutes § 53a-61 and threatening in violation of General Statutes § 53a-62. The court sentenced the defendant to two years of incarceration, execution suspended after four months, and three years of probation. As part of his probation, the defendant agreed not to violate any criminal law of the state of Connecticut. He was further required to adhere to special conditions of probation, which required his participation in rehabilitative sessions dedicated to treatment for domestic violence and anger management, as well as sessions for the evaluation and treatment of substance abuse.[3]

During his probation, the defendant was arrested on two separate occasions[4] for allegedly having committed assault in the third degree, once on April 18, 2000, and once on June 2, 2000.[5] The defendant also failed to report to, or attend for the required time, rehabilitative sessions on at least four occasions.

As a result, the state charged the defendant in a three count, long form information with violating his probation pursuant to General Statutes § 53a-32 (a). The court held hearings on October 27, 2000, and November 1, 2000, and concluded that the defendant had violated all three counts against him.[6] This appeal followed.

The defendant claims that the court improperly found that he violated the special conditions of his probation as alleged in counts two and three of the state's long

[3] The defendant does not claim that he was unaware of or misunderstood the terms of his probation.

[4] Facts concerning the defendant's arrests, which are not reviewed by this court, are set forth only for the purpose of providing a complete factual background of the defendant's appeal.

[5] The defendant was also arrested and charged with breach of the peace based on the same incident on April 18, 2000.

[6] See footnote 2.

form information. Specifically, he argues that the state failed to proffer sufficient evidence during the probation revocation hearing to establish such a violation because the testimony of the state's primary witness was "replete with contradiction." We disagree.

We first set forth the legal principles that govern our resolution of the defendant's claim. "A revocation of probation hearing has two distinct components and two purposes. A factual determination by a trial court as to whether a probationer has violated a condition of probation must first be made. If a violation is found, a court must next determine whether probation should be revoked because the beneficial aspects of probation are no longer being served." (Internal quotation marks omitted.) *State* v. *Hill*, 256 Conn. 412, 425, 773 A.2d 931 (2001). Because the defendant challenges only the court's factual determination that he violated the special conditions of his probation, we review only that determination.

"In making its factual determination, the trial court is entitled to draw reasonable and logical inferences from the evidence. . . . Our review is limited to whether such a finding was clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In making this determination, every reasonable presumption must be given in favor of the trial court's ruling." (Internal quotation marks omitted.) Id., 425–26. "This court defers to the trial court's discretion in matters of determining credibility and the weight to be given to a witness' testimony." *State* v. *Garuti*, 60 Conn. App. 794, 797, 761 A.2d 774 (2000), cert. denied, 255 Conn. 931, 767 A.2d 102 (2001).

Moreover, a probation revocation proceeding is civil in nature and, therefore, "does not require all of the procedural components associated with an adversary criminal proceeding." (Internal quotation marks omitted.) *State* v. *Davis*, 229 Conn. 285, 295, 641 A.2d 370 (1994). As such, the state's burden in probation revocation proceedings is governed by the fair preponderance of the evidence standard, which is "the ordinary civil standard of proof." (Internal quotation marks omitted.) Id., 296. Further, "[t]he burden of persuasion in an ordinary civil action is sustained if evidence induces in the mind of the trier a reasonable belief that it is more probable than otherwise that the fact in issue is true." (Internal quotation marks omitted.) *Lopinto* v. *Haines*, 185 Conn. 527, 533, 441 A.2d 151 (1981).

Framing the issue squarely, the defendant asks this court to review the evidence on which the trial court made its factual findings and to conclude otherwise.

At the probation revocation hearing, the court heard testimony from, among others, the state's primary witness, Frances Wilhoite, coordinating supervisor for the domestic violence and psychological education program at Project Search.[7] Wilhoite testified that Project Search issued two schedules to the defendant at the program's orientation. The first schedule covered the orientation period, which usually lasts four weeks. The second schedule, which the defendant was to follow after the orientation period was completed, was more time intensive. Wilhoite further testified that the defendant was informed both in writing[8] and orally that it

---

[7] The court had ordered the defendant to comply with substance abuse evaluation and treatment sessions at Project Search, and to cooperate with domestic violence and psychological testing and evaluation sessions at Project Moore, a program within Project Search. For purposes of clarity, all sessions required by the defendant's probation are referred to as being at Project Search.

[8] At the initial orientation session, the defendant signed an agreement with Project Search that stated in relevant part: "Attendance Requirement: [The defendant] . . . is expected to attend every session. [The defendant]

was the policy of Project Search that two unexcused absences from the designated schedule times would result in the program requesting to the office of adult probation that the defendant's participation be terminated.[9] Wilhoite's testimony, which was supported by attendance records, established that the defendant failed to attend, without providing notice, sessions on May 1, 4, 11 and 25, 2000, and that he left during the middle of a session on May 22, 2000.

On the basis of the evidence before it, the court believed that it was more probable than not that the defendant had failed to comply with the attendance requirements of Project Search insofar as he failed to attend, or remain for the required time in, the mandated rehabilitative sessions on two or more occasions and that such absences were unexcused. The court acted properly in finding that the defendant violated the specific special conditions of his probation. As a result, the court's factual findings cannot be said to be clearly erroneous because the record contains evidence to support such findings. Moreover, on the basis of the entire evidence, we are not left with the definite and firm conviction that a mistake has been committed.

The judgment is affirmed.

In this opinion the other judges concurred.

---

. . . agree[s] to give at least 24 hours notice for any missed meeting except in the case of an emergency. [The defendant] agree[s] to abide by the decision of [his] group leaders whether [a] missed session is excused or unexcused."

[9] Project Search was required to inform the office of adult probation of any of the defendant's absences. Project Search satisfied that requirement according to the testimony of Elisa D'Aniello, the defendant's probation officer.